### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

| | |
|---|---|
| **DELANNIE LAMONT MARTIN** | **MOVANT/DEFENDANT** |
| v. | **CRIMINAL ACTION NO. 1:99CR-22-M** |
| **UNITED STATES OF AMERICA** | **RESPONDENT/PLAINTIFF** |

### MEMORANDUM OPINION AND ORDER

By Memorandum Opinion and Order entered January 27, 2004, the Court denied Movant Delannie Lamont Martin's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (DN 149). Thereafter, by Order entered March 30, 2004, the Court denied a motion for reconsideration (DN 154), and by Order entered April 28, 2004, the Court denied a motion for reconsideration/for certificate of appealability (DN 158). Martin filed an appeal, and the Sixth Circuit granted a certificate of appealability on two issues.[1] See Appeal No. 04-5567. The appeal is still pending.

This matter is currently before the Court on Martin's *pro se* Rule 60(b) motion for relief from judgment in his § 2255 action (DN 191) and his motion to amend the Rule 60(b) motion (DN 194). In the motion to amend, he asks the Court to reconsider and reopen judgment in this action. As the motion to amend is effectively a second Rule 60(b) motion, the Court will

---

[1] By Order entered February 17, 2005, the Court of Appeals granted Martin's motion for appointment of appellate counsel and granted an application for certificate of appealability on the following two issues:

> whether counsel rendered ineffective assistance by failing to advise Martin about the "in relation to" element of the 18 U.S.C. Section 924(c) charges and whether the district court's failure to comply with FRCP 11 and discuss the "in relation to" element at the plea colloquy entitles Martin to relief.

The Court of Appeals went on to advise that "[t]he parties should address the effect of US v. Benitez, 124 S.Ct. 233 (2004), on the Rule 11 claim."

construe the motion accordingly. For the reasons that follow, the Court will decline to rule on one aspect of Martin's first Rule 60(b) motion during the pendency of the appeal and will transfer the other claims raised in both the first and second Rule 60(b) motions to the Sixth Circuit Court of Appeals as second or successive motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I. ANALYSIS

The Court must first determine whether the instant Rule 60(b) motions are truly Rule 60(b) motions for relief from judgment or, effectively, second or successive motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In *Gonzalez v. Crosby*, -- U.S. -- , 125 S.Ct. 2641 (2005), the Supreme Court addressed the issue of whether Rule 60(b) motions filed in habeas proceedings under 28 U.S.C. § 2254[2] are subject to the additional restrictions that apply to second or successive petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified at 28 U.S.C. § 2244(b).

The Supreme Court explained that the critical factor in determining whether a Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez*, 125 S.Ct. at 2647. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 2648.

---

[2]Although the Supreme Court limited its decision to § 2254 cases, this Court finds the *Gonzalez* analysis instructive and finds no reason why that analysis would not apply equally to § 2255 cases, especially in light of § 2255's similar provision governing second and successive applications. *See* 28 U.S.C. § 2255 ¶ 8. Other courts agree. *See*, *e.g.*, *United States v. Terrell*, 141 Fed. Appx. 849, 851, 2005 WL 1672122, at *2 (11th Cir. 2005); *Williams v. United States*, Nos. 2:03CV887, 2:00CR-178, 2005 WL 2211184, at *1 n.2 (S.D. Ohio Sept. 9, 2005); *Ford v. United States*, No. 1:01-CV-317, 2005 WL 1968777, at *1 (W.D. Mich. Aug. 16, 2005).

"In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple[, and a] motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* Or, a motion presents a claim when it "contend[s] that a subsequent change in substantive law is a 'reason justifying relief,' from the previous denial of a claim." *Id.* at 2647 (quoting Fed. R. Civ. P. 60(b)(6)).

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 2648. A petitioner does not make a habeas claim in his Rule 60(b) motion "when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

**A. First Rule 60(b) Motion** (DN 191)

Martin seeks Rule 60(b) relief from the Court's April 28, 2004, "final opinion [wherein] the District Court upheld it's judgement entered on March 30, 2004." In both of these referenced Orders, the Court denied, without discussion, motions to reconsider the Court's January 2004 Memorandum Opinion and Order denying Martin's § 2255 motion.[3] While Martin specifically references the Court's March and April 2004 Orders, Martin actually challenges the specific findings of the Court in its January 2004, Memorandum Opinion and Order.

---

[3]The Court notes that Martin filed the instant motion on April 12, 2005. The Court thus suspects that Martin has sought relief from the April 2004, motion because motions pursuant to Rule 60(b)(1), (2), and (3) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken."

Martin asks the Court to reconsider its decision under Rule 60(b)(1), (2), (4) and (6) "based on the Supreme Court's ruling in United States vs. Carlos Dominquez Benitez, 124 S.Ct. 2333, 159 L.Ed.2d 157 (200[4]), which addresses a violation of Rule 11."[4] He claims that "the district court's judgment was a mistake, based on the ruling of the Supreme Court, and that the ruling of the Supreme Court has voided the judgment of this Honorable Court who 'improperly substituted' it's own decision for that of the Petitioner's as to whether Petitioner would have plead guilty or went to trial."

While not the model of clarity, the Rule 60(b) motion appears to be challenging the Rule 11 issue on which the Sixth Circuit granted a certificate of appealability. In fact, Martin attaches a copy of the appellate brief submitted by his appointed counsel in the pending Sixth Circuit action. In the brief, counsel noted that the district court found no cause or prejudice for the procedural default of the Rule 11 issue and also found no actual innocence entitling Martin to relief. Counsel then stated that "[t]he Supreme Court in Benitez noted that when a defendant is dilatory in raising a Rule 11 error, reversal is unwarranted unless the error is 'plain.'" Consequently, argued counsel, "[t]he standard used by the district court to refuse Petitioner's request in this case was clearly inconsistent with . . . Benitez." He alternatively argued that the district court improperly second-guessed his decision to seek review of his plea.

---

[4]In *United States v. Benitez*, a direct appeal case, the Supreme Court held,

> A defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is "'sufficient to undermine confidence in the outcome'" of the proceeding.

*Benitez*, -- U.S. -- , 124 S. Ct. 2333, 2340 (2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Upon consideration of the motion, the Court reaches separate conclusions based upon the argument presented.

### 1. **Rule 60(b) Motion**

First, to the extent that Martin is claiming that the Court used the wrong standard in finding that the Rule 11 claim was procedurally defaulted, he is not attacking the resolution of the claim on the merits. Rather, he is merely asserting that the procedural default ruling, which precluded a merits determination, was in error. Based on this reading of the motion, the Court finds that under *Gonzalez*, this aspect of his Rule 60(b) motion is not equivalent to a second or successive § 2255 motion.

Having made that determination, the Court must now determine whether it has jurisdiction to entertain the Rule 60(b) motion. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal," *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)), unless "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Id.*

The present appeal is timely, is from a final and appealable order, and presents issues that the appeal court has not previously decided in the same case. Moreover, the appellate court has asked the parties in the pending appeal to consider the effect of *Benitez* on the Rule 11 issue, and Martin has been appointed counsel in the appellate case. For these reasons, the Court will decline to rule on the Rule 60(b) motion during the pendency of the appeal.[5] The Court will also

---

[5]Martin cites to *Schewchun v. Edwards*, Nos. 86-1733, 86-1744, 1987 WL 36402 (6th Cir. Feb. 19, 1987), a case in which the Sixth Circuit found no error by the district court in denying a Rule 60(b) motion pending appeal, noting that the "district court . . . can consider a Rule 60(b) motion despite the filing of a notice of appeal."). The Court first notes that *Schewchun* is an unpublished opinion and is not

direct the Clerk of Court to remand the Rule 60(b) motion (DN 191) from the Court's active docket. Martin may file a motion to reinstate the Rule 60(b) motion to the Court's active docket upon completion of the entire appeal process, including the time for seeking review by the Supreme Court. *See*, *e.g.*, Sup. Ct. R. 13(1.) (permitting a petition for writ of certiorari to be filed in the United States Supreme Court within 90 days after entry of the judgment by the United States Court of Appeals.).

### 2. Second or Successive Motion

To the extent Martin contends that *Benitez* is "a subsequent change in substantive law . . . 'justifying relief' from the previous denial of a claim," *Gonzalez*, 125 S. Ct. at 2647, the Rule 60(b) motion is the equivalent of a second or successive § 2255 motion. "Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (explaining that "inmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255").

Because Martin has failed to obtain panel certification prior to filing the instant motion, the motion, to the extent Martin contends that *Benitez* is a subsequent change in substantive law,

---

controlling law. Secondly, that case was issued before the published *Pittock* and *Lewis* cases cited in the body of this decision. Finally, in *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320 (6th Cir. 1999), the Sixth Circuit noted that while prior cases "allow the court to entertain a motion for relief even while an appeal is pending, they do not require the court to do so." *Id.* at 324. Thus, found the Court, "[o]nce the defendants appealed, it was not erroneous for the district court to let the appeal take its course." *Id.*

will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

    **B. Second Rule 60(b) Motion** (DN 194)

In the second Rule 60(b) motion, Martin raises the following challenge to the Court's April 28, 2004, Order denying a motion to reconsider/motion for certificate of appealability:

> Whether the District Court erred as a matter of law, in either failing to address one of the petitioner's issues /or whether the District erred in holding that trial counsel "was not ineffective" in misadvising the petitioner that he "could not" receive "acceptance of responsibility" if he went to trial solely to preserve his suppression issue, pursuant to 3E1.1 (n.2).

While Martin alleges that the Court failed to address the foregoing ineffective assistance of counsel issue, the Court notes that he raised the argument in his April 2004, motion to reconsider/for certificate of appealability (DN 155). The Court considered the motion and entered an Order on April 28, 2004, denying the motion, albeit without discussion (DN 158). Thus, the Court did consider the argument but chose not to discuss it. The Court further notes that to the extent Martin alleges that the district court erred in finding that trial counsel was not ineffective in misadvising him on the acceptance of responsibility issue, the Court addressed that issue in its January 2004, Memorandum Opinion and Order denying § 2255 relief (DN 149, pp. 11-14).

Regardless of which Order Martin asks to be reconsidered, it is clear that Martin is now mounting a direct challenge to the Court's prior ruling on the merits of the foregoing ineffective assistance of counsel claim. The second Rule 60(b) motion is therefore the equivalent of a

7

second or successive § 2255 motion, which must be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

## II. ORDER

For the reasons set forth more fully above, **IT IS ORDERED** as follows:

(1) To the extent Martin, in his first Rule 60(b) motion (DN 191), is directly challenging the Court's prior procedural default ruling, the Court **DECLINES** to rule on the motion pending resolution of the appeal in the § 2255 action. The Clerk of Court shall **REMAND** the motion (DN 191) from the Court's active docket. Upon resolution of the entire appeal process, Martin **may file** a motion to reinstate the remanded Rule 60(b) motion to the Court's active docket.

(2) To the extent Martin contends that *Benitez* is a subsequent change in substantive law, Martin's first Rule 60(b) motion (DN 191) is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive § 2255 motion.

(3) Martin's second Rule 60(b) motion (DN 194) is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive § 2255 motion.

Date:

cc: Movant, *pro se*
United States Attorney
Clerk, Sixth Circuit Court of Appeals (No. 04-5567)
4414.005